*Attorney for Plaintiff*
Seth Crosland
Brandy Austin Law Firm, PLLC
2404 Roosevelt Dr.
Arlington, Texas 76016
(P)(817)841-9906
(E)seth@brandyaustinlaw.com

**UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **PATRICK HILL,**<br><br>Plaintiff,<br><br>vs.<br><br>**PROCOLLECT, INC.,**<br><br>**Defendant.** | Case No.: 5:16-cv-00355<br><br>**CIVIL COMPLAINT**<br><br>**AND**<br><br>**JURY TRIAL DEMAND** |

Plaintiff, Patrick Hill, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant ProCollect, Inc. (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for the illegal debt collection practices of the Defendant, who, *inter alia,* used false, deceptive and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged consumer debt from the Plaintiff in violation of the Fair Debt Collection Practices Act,  15 U.S.C. § 1692 *et seq*., (hereinafter "FDCPA" or "the Act"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Such collection practices include, *inter alia,* false and/or misleading representation as to the character and/or legal status of the Plaintiff's alleged debt and communicating credit information about the Plaintiff which Defendant knew or should have known to be false.

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found that the Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive and unfair debt collection practices by many debt collectors which contributed to the number of personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

4. The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation. The FDCPA is construed broadly so to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

5. To prohibit deceptive practices, the FDCPA at 15 U.S.C. § 1692e, outlaws the use of false, deceptive and/or misleading representations in connection with the collection of any debt and sets forth a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 11692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations as to the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); and communicating or threatening to communicate to any person credit information which is known or which should be known to be false 15 U.S.C. § 1692e(8).

6. The Plaintiff seeks actual damages, statutory damages, attorneys' fees, costs and all other relief, legal or equitable in nature, as deemed appropriate by the Court, pursuant to the FDCPA and all other common or statutory law.

## PARTIES

7.  Plaintiff is a natural person, who at all relevant times has resided in the city of San Antonio, Bexar County, State of Texas, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.  Defendant is incorporated and doing business in the State of Texas, with its corporate offices located at 12170 Abrams Road, Suite 100, Dallas, Texas 75243, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## JURSIDICTION AND VENUE

9.  Jursidiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d).

10. Venue is proper in this district pursuant to 28 U.S.C § 1391(b).

## FACTUAL ALLEGATIONS

11. Upon information and belief, sometime in 2010-2011, Plaintiff incurred an alleged consumer debt with "The Place at Overlook Apartments" (hereinafter the "Alleged Debt").

12. Upon information and belief, sometime in June 2011, "The Place at Overlook Apartments" placed the Alleged Debt for collection with the Defendant with an alleged original balance due of $2527.00.

13. In June 2015, the Defendant as part of its efforts to collect the Alleged Debt from the Plaintiff reported the Alleged Debt on the Plaintiff's credit report with all three credit reporting agencies, namely Experian (XP), TransUnion (TU) and EquiFax (EF), indicating the status of the Alleged Debt as "Bankruptcy" and that the Alleged Debt was "included in bankruptcy." A true and accurate copy of the Plaintiff's redacted credit report relating to the Alleged Debt is attached hereto and made part hereof as Exhibit A.

14. The Alleged Debt reported by the Defendant in its efforts to collect the Alleged Debt from the Plaintiff specifically appears on Plaintiff's credit report, as follows:

```
Creditor        Date Reported    Dated Opened/DLA    Balance        Status/Source
PRO COLLECT     06/15            06/11               $2527          BANKRUPTCY
 XXXXXXXXXX8241                  01/00               COLL           XP/TU/EF
INCLUDED IN BANKRUPTCY; ORIGINAL CREDITOR: 09 THE PLACE AT OVERLOOK APARTMEN
```

See Exhibit A.

15. Plaintiff has never filed a petition for bankruptcy; the Plaintiff has never been a party to a bankruptcy action; nor has the Plaintiff ever been judged or declared bankrupt.

16. Defendant in connection with its effort to collect the Alleged Debt from the Plaintiff knowingly and willfully reported falsely on the Plaintiff's credit report with all three credit agencies, namely Experian (XP), TransUnion (TU) and EquiFax (EF), that Plaintiff had filed for "bankruptcy" and the legal status of the Alleged Debt was "included in bankruptcy."

17. Defendant's false reporting of the Alleged Debt as being included in bankruptcy to all three credit reporting agencies, namely Experian (XP), TransUnion (TU) and EquiFax (EF), has damaged the Plaintiff's credit and reputation.

18. Plaintiff has been damaged by Defendant's actions as set forth herein, including without limitation emotional distress and economic harm, from being falsely reported as filing for bankruptcy and characterized as bankrupt.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT
### 15 U.S.C. §1692e(2)(A)

19. Plaintiff repeats and incorporates by reference as if set forth at length the allegations contained in Paragraph 1-18 of the Complaint.

20. Defendant in connection with its attempts to collect the Alleged Debt from the Plaintiff reported on Plaintiff's credit report with all three credit reporting agencies, namely Experian (XP), TransUnion (TU) and EquiFax (EF), that the Plaintiff had filed for bankruptcy and that the Alleged Debt was included in bankruptcy.

21. Plaintiff has never filed a petition for bankruptcy; the Plaintiff has never been a party to a bankruptcy action; nor has the Plaintiff ever been judged or declared bankrupt.

22. By virtue of Defendant's collection attempts, Defendant falsely represented the nature and/or status of the Alleged Debt.

23. Defendant's actions violate the FDCPA, 15 U.S.C. §1692e(2)(A), which prohibits [t]he false representation of (A) the character, amount or legal status of any debt.

24. Defendant's actions were knowing and willful.

25. Defendant's false reporting of the Alleged Debt as being included in bankruptcy to all three credit reporting agencies, namely Experian (XP), TransUnion (TU) and EquiFax (EF), has damaged the Plaintiff's credit and reputation.

26. Plaintiff has been damaged by Defendant's actions as set forth herein, including without limitation emotional distress and economic harm, from being falsely reported as filing for bankruptcy and characterized as bankrupt.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT
### 15 U.S.C. §1692e(8)

27. Plaintiff repeats and incorporates by reference as if set forth at length the allegations contained in Paragraph 1-26 of the Complaint.

28. Defendant in connection with its attempts to collect the Alleged Debt from the Plaintiff reported on Plaintiff's credit report with all three credit reporting agencies, namely

Experian (XP), TransUnion (TU) and EquiFax (EF), that the Plaintiff had filed for bankruptcy and that the Alleged Debt was included in bankruptcy.

29. Plaintiff has never filed a petition for bankruptcy; the Plaintiff has never been a party to a bankruptcy action; nor has the Plaintiff ever been judged or declared bankrupt.

30. By virtue of Defendant's collection attempts, Defendant falsely reported credit information concerning the Plaintiff which Defendant knew or should have known was false.

31. Defendant's actions violate the FDCPA, 15 U.S.C. §1692e(8), which prohibits [c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

32. Defendant's actions were knowing and willful.

33. Defendant's false reporting of the Alleged Debt as being included in bankruptcy to all three credit reporting agencies, namely Experian (XP), TransUnion (TU) and EquiFax (EF), has damaged the Plaintiff's credit and reputation.

34. Plaintiff has been damaged by Defendant's actions as set forth herein, including without limitation emotional distress and economic harm, from being falsely reported as filing for bankruptcy and characterized as bankrupt

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant, as follows;

   a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b. For an award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. For an award of costs of litigation and reasonable attorneys' fees against Defendant in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Such other relief as the Court shall deem just and equitable.

### .**JURY TRIAL DEMAND**

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

Respectfully submitted this 11th day of April, 2016

s/ Seth Crosland
*Attorney for Plaintiff*
*Patrick Hill*

Seth Crosland
Brandy Austin Law Firm, PLLC
2404 Roosevelt Dr.
Arlington, Texas 76016
(P)(817)841-9906
(E)seth@brandyaustinlaw.com

On Behalf of:
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
(T) (201) 461-0059
(E) DM@lupoloverlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2016, the foregoing was filed electronically with the Clerk of Court via ECF and will be served upon Defendant via personal service at the following address:

>ProCollect, Inc.
>12170 Abrams Road, Suite 100
>Dallas, TX 75243

s/ Seth Crosland<br>Seth Croland